UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-173-RJC

| BRIEN D. LAWS, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) ORDER |
| SUSAN WHITE, Administrator, Mountain View Correctional Institution, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on consideration of Petitioner's habeas petition filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1). For the reasons that follow, Petitioner's Section 2254 petition will be dismissed as untimely.

## I. BACKGROUND

On January 19, 2005, Petitioner was convicted in Caldwell County Superior Court of two counts of second degree murder; two counts of assault with a deadly weapon inflicting serious injury; and one count of driving while impaired. Petitioner was sentenced to 157 to 197 months in the custody of the North Carolina Department of Public Safety; his projected release date is January 15, 2018.

Petitioner filed an appeal to the North Carolina Court of Appeals contending the trial court erred in denying his motion to suppress his medical records which were obtained from a local hospital. The court of appeals summarized the facts of his case:

> After Defendant Brien Dean Laws was injured in a two-car collision and transported to Caldwell Memorial Hospital, the State filed a motion with the district court seeking the

1

> release of Defendant's medical records from the hospital. The district court entered an *ex parte* order directing the hospital to produce Defendant's medical records, which the hospital released. Defendant was subsequently charged with two counts of second degree murder, two counts of assault with a deadly weapon inflicting serious injury, driving while impaired and failing to yield right of way and was notified of aggravating factors.

On March 21, 2006, the court of appeals affirmed the trial court's order denying the motion to suppress. State v. Laws, 176 N.C. App. 768, 627 S.E.2d 350 (N.C. Ct. App. 2006). According to the record before this Court, Petitioner presented no further challenges to his State criminal judgment until he filed a motion for appropriate relief ("MAR") in Caldwell County Superior Court on April 13, 2009. (Doc. No. 1 at 3).

In his MAR, Petitioner appeared to argue that his trial counsel was ineffective in advising him regarding the amount of time he would face if convicted of the pending charges. Petitioner contended he was led to believe that he only faced one or two years in prison if convicted and instead he received over thirteen. The Court found Petitioner's assertions regarding predicted jail time to be "incredible, and [it] is highly unlikely that anyone who had experience in court would accept such a statement as true." (Doc. No. 1-1: Order Denying MAR at 7-8 ¶ 7). The trial court then found that based on the evidence presented at the MAR hearing, Petitioner had failed to carry his burden of demonstrating deficient assistance of counsel and the court denied his MAR. Petitioner's petition for a writ of certiorari from this decision was denied by the court of appeals by order entered on August 15, 2012. (Doc. No. 1 at 6).

On November 13, 2012, Petitioner filed the present Section 2254 habeas petition contending that he received ineffective assistance of trial counsel. Petitioner asserts one ground for relief: Petitioner argues that his guilty plea was "unconstitutional, in part, because he received seriously mistaken legal advice about the validity of his guilty plea." But for this allegedly erroneous advice, Petitioner avers he would have elected to plead not guilty and proceeded to

2

trial. (Doc. No. 1 at 5).

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, provides in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

In the present case, it appears Petitioner did not file an appeal or petition for discretionary review with the Supreme Court of North Carolina. His judgment therefore became final for purposes of the provisions of Section 2244(d) thirty-five days after the court of appeals denied relief; that is, on or about April 11, 2006. See N.C. R. App. P. 14(a) and 15(b) (2005) (providing 15 days to file for review in Supreme Court after Court of Appeals issues its mandate); Rule 32(b) (2005) (unless otherwise ordered by the court, the mandate of the court of appeals issues 20 days after written opinion is filed). For purposes of Section 2244, Petitioner's one year time period began to run on or about April 11, 2006, and expired one year later. While Petitioner did file a MAR in State court on April 21, 2009, as the MAR court noted, this was some three years

3

after Petitioner's direct appeal had concluded and this will not extend his one-year limitations period. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (finding that State court filings challenging a judgment made after the one year AEDPA limitation period has expired do not otherwise serve to renew or revive the filing deadline).

A district court may sua sponte dismiss a Section 2254 petition without notice if "it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1)." Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); Erline Co. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006). In the present case, Petitioner recognizes that his petition may run afoul of the statute of limitations and asks this Court to consider his petition as timely filed under Section 2244(d)(1)(C). This provision provides that the one-year limitation period begins to run on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Id.

Petitioner's argument must fail. Petitioner contends he is entitled to relief based on recent decisions from the Supreme Court of the United States: Missouri v. Frye, 132 S.Ct. 1399 (2012) and Lafler v. Cooper, 132 S.Ct. 1376 (2012). Petitioner argues that the Supreme Court announced a new rule of law in these cases, namely, that the Sixth Amendment entitles a defendant to effective assistance of counsel during the plea bargaining process, and this new rule is retroactive to cases on collateral review. Although the Supreme Court was silent on the issue of whether these decisions announced a new rule of constitutional law that is retroactive to cases on collateral review, several decisions issued by other federal courts have found that these decisions created no new rights. More to the point, these court decisions have widely held that

4

the decisions in Frye and Lafler are not retroactive to cases on collateral review because they did not announce a new rule of constitutional law. See, e.g., In re Perez, 682 F.3d 930, 932-34 (11th Cir. 2012); In re King, 697 F.3d 1189 (5th Cir. 2012) (per curiam opinion agreeing with the holding in the Eleventh Circuit's opinion in the case of In re Perez).

The Court agrees with the holdings in these cases interpreting Frye and Lafler and therefore finds that Petitioner's Section 2254 petition is untimely as it was filed over five years outside the one-year statute of limitation provided for under the AEDPA. In addition, the Court finds that Petitioner cannot satisfy grounds for equitable tolling because he relies on a claim that was or should have been known to him at the time he entered his guilty plea or certainly within one year of the date he began serving his sentence. Accordingly, Petitioner's Section 2254 petition will be dismissed.

### III.     CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's habeas petition filed pursuant to 28 U.S.C. § 2254 is **DISMISSED** as untimely. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: April 29, 2013

Robert J. Conrad, Jr.
Chief United States District Judge